UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                    |
DAVID ASLANI,                       |   Case No. 1:08-cv- 298
                                    |
    Plaintiff,                      |   Chief Judge Paul L. Maloney
                                    |
    v.                              |   Magistrate Judge Scoville
                                    |
SPARROW HEALTH SYSTEMS,             |
GREYHOUND BUS LINES, INC.,          |
CAPITAL AREA TRANSPORTATION AUTHORITY, |
CITY OF LANSING,                    |
POLICE DEPARTMENT OF CITY OF LANSING *et al.*, |
                                    |
    Defendants.                     |
                                    |
_____

**Opinion and Order**

**Denying without Prejudice the City of Lansing Defendants' Motion to Dismiss
due to Failure to Comply with Local Rule 7.1(d)**

On October 8, 2008, eight defendants filed a motion to dismiss or for summary judgment ("MTD"): the City of Lansing, Lansing Police Department, and Lansing Police Officers Paul Beasinger, Kevin Schlagel, Shannon Thielen, Nathaniel Osborn, Theresa Szymanski, and Lansing Police Chief Mark Alley (hereinafter "the Lansing defendants"). The motion states, "Concurrence in the motion could not be obtained as Plaintiff, acting pro se, has not indicated a telephone number for purposes of contacting him." MTD at 2 ¶ 5. That statement appears to be inaccurate. The court's docket sheet, available on the Electronic Case Filing ("ECF") system, lists a telephone

number of (313) 882-4165 for plaintiff Aslani. The Lansing defendants do not state that their counsel called this number and that it was out of service, that it lacked voice-mail or an answering machine, or that they left a message but Aslani never called back after a reasonable period of time.

Moreover, if the Lansing defendants believed that Aslani had not listed a telephone number, in the usual case they could and should have contacted him by paper mail to ask whether he would concur in their motion. The applicable local rule does not state that the movant may or must use only the telephone to attempt to obtain concurrence, and the court finds no decisions interpreting the rule that way. Entitled "Attempt to obtain concurrence", the rule simply provides,

> *With respect to all motions, the moving party shall ascertain whether the motion shall be opposed.* In addition, in the case of all discovery motions . . . . *All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by this rule.*

W.D. MICH. LCIVR 7.1(d) (emphasis added). *See Kim v. USDOL*, 2007 WL 4284893, *1 (W.D. Mich. Dec. 4, 2007) (Brenneman, U.S.M.J.) ("[T]he court properly denied plaintiff's motion for judgment on the pleadings because he failed to seek concurrence under the local court rule, W.D. MICH. LCIVR 7.1(d), and the motion was premature.").[1]

Counsel is also advised that failing to afford the opposing party a reasonable period of time

---

[1] *Cf. Deuel v. Law Offices of Timothy E. Baxter & Assocs., PC*, 2008 WL 482850, *1 (W.D. Mich. Feb. 19, 2008) (Brenneman, U.S.M.J.) (denying defendant's motion for a more definite statement because it "failed to affirmatively state the efforts it made to ascertain whether the motion would be opposed" and failed to file a supporting brief, violating W.D. MICH. LCIVR 7.1(d) and 7(a));

*Silver v. Giles*, 2007 WL 2219355, *1 n.1 (W.D. Mich. July 27, 2007) (Wendell Miles, J.) ("In addition to failing to supply a supporting brief, plaintiff's motion failed to contain the affirmative statement of attempt to obtain concurrence required by Local Rule 7.1(d). Plaintiff is hereby notified that any future motions filed without full compliance with these requirements will be stricken.")

to respond to the concurrence request may not constitute compliance with the rule. *Cf., e.g., Powers v. Thomas M. Cooley Law School*, 2006 WL 2711512, *3 (W.D. Mich. Sept. 27, 2006), where Magistrate Judge Scoville emphatically admonished a party for failing to follow another provision of this same local rule:

> The court notes at the outset the perfunctory and insouciant effort by plaintiff's counsel to comply with the mandatory requirements of Rule 37(a) and the Local Rules of this court. * * * The Local Rules of this court specifically require that in the case of discovery motions, counsel "shall confer in person or by telephone in a good-faith effort to resolve each specific discovery dispute."
>
> Plaintiff's motion indicates that on September 18, 2006, plaintiff's counsel sent defense counsel a fax concerning the proposed motion. At 2:34 p.m. on the same day, plaintiff's counsel called the office of defense counsel and was informed that defense counsel was not in the office. Plaintiff left a voicemail and then filed his motion without speaking to defense counsel. According to the court's CM/ECF system, the motion was filed at 4:23 p.m. the same day.
>
> Plaintiff's counsel therefore allowed defense counsel less than one business day in which to react to the issue, clearly an unreasonable time. Plaintiff's counsel has displayed impatience and not a "good-faith effort to resolve each specific discovery dispute", as required by this court's local rules. This failure, in and of itself, is grounds for denial of the motion and imposition of sanctions.

*Id.* at *3 (record citations omitted, paragraph breaks added).

Finally, this is not a case where the non-compliant movant seeks to dismiss a complaint on a ground that cannot be waived or forfeited, such as lack of subject-matter jurisdiction. The court might exercise discretion not to strike a motion for counsel's failure to timely comply with a "technical" local rule before filing. *Contrast CMS North America, Inc. v. DeLorenzo Marble & Tire, Inc.*, 521 F. Supp.2d 619, 631-32 (W.D. Mich. 2007) (Maloney, J.) ("It appears that CMS violated our Local Civil Rule 7.1(d) by failing to consult opposing counsel before filing its remand motion. Nonetheless, the court rejects DeLorenzo's suggestion that such a violation can justify ignoring the absence of subject-matter jurisdiction. While the requirement that a court have

*personal* jurisdiction is a due process right that can be waived either explicitly or implicitly, *subject-matter* jurisdiction is not subject to waiver or forfeiture.") (citations and internal quotation marks omitted).

The Lansing defendants seek to dismiss the complaint pursuant to Michigan's statutes of limitations, which are not jurisdictional.

**ORDER**

The City of Lansing defendants' motion to dismiss or for summary judgment on the first amended complaint [document #11] is **DENIED without prejudice** for failure to comply with W.D. MICH. LCIVR 7.1(d). *See Krygoski Const. Co., Inc. v. City of Menominee*, 2006 WL 2092412, *2 (W.D. Mich. July 26, 2006) (R. Allan Edgar, J.) ("[T]his court has previously stated that a failure to follow Local Rule 7.1(d) 'provides a sufficient basis in itself' to deny a motion . . . .") (quoting *Woodhull v. Kent Cty.*, 2006 WL 708662, *1 (W.D. Mich. Mar. 21, 2006) (Wendell Miles, J.) ("The importance of the communication required by this rule . . . cannot be overstated.")).

This is not a final and immediately appealable order.

**IT IS SO ORDERED this 20th day of October 2008.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge