UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID ASLANI, | Case No. 1:08-cv-298 |
| Plaintiff, | Chief Judge Paul L. Maloney |
| v. | Magistrate Judge Ellen Carmody |
| SPARROW HEALTH SYSTEMS, KEN HAMKAMD, individually and as security officer of Sparrow Health System, DENNIS SWAN, individually and as administrator in charge of Sparrow Health System, RICHARD LIEBELT, individually and as registered nurse of Sparrow Health System, RACHEL LATUNSKI, individually and as registered nurse of Sparrow Health System, KARL ENGLER, individually and as registered nurse of Sparrow Health System, DR. STEVEN OWENS, individually and as physician of Sparrow Health System,[1] GREYHOUND BUS LINES, INC., CAPITAL AREA TRANSPORTATION AUTHORITY, JOSEPH M. BECKER, individually & as security officer for the Capital Area Transportation Authority in Mich., MATTHEW FOWLER, individually & as security officer for the Capital Area Transportation Authority in Mich., and CITY OF LANSING, Defendants. | |

## ORDER

**Directing Plaintiff to Provide Medical Evidence to Support Request for Medical Stay of Case**

---

[1] The following are named as defendants in the amended complaint but have not been served, so they are not listed in the caption: "ED LEWIS, individually and as bus driver of Greyhound Bus Lines" and "DR. JAMES CAGLE, individually and as physician of Sparrow Health System."

Plaintiff David Aslani brings this federal civil-rights action claiming that he was subjected to discriminatory and abusive behavior by employees of defendants Greyhound Bus Lines, Inc. ("Greyhound"), Capital Area Transportation Authority ("CATA"), and Sparrow Health Systems, Inc. ("Sparrow"). Aslani's amended complaint asserted nine claims four of which have survived dispositive motions thus far. On March 3, 2010, Aslani filed a motion to stay all proceedings in this case due to his medical issues. Aslani states as follows, in pertinent part,

> 3. [T]he plaintiff has been in serious ill-health condition, and since the commencement of these proceedings in this Court, his ill-health has considerably deteriorated; in f act, last year it was medically determined by Dr. Lawrence Konst that he had suffered from a stroke.
>
> 4. That ever since the occurrence of the infamous incident, the Plaintiff has been in such a sorry state of ill health by experiencing relentless pain and suffering that he would not have been able to function at all had it not been for the vigilant attendant care that his spouse had rendered to him around the clock as to his need for continued medical and therapeutic treatments, among others.
>
> 5. [T]he Plaintiff has been suffering from entrenched post-traumatic stress disorder and a chronic case of high blood pressure, that under undue pressure and severe pain gets elevated to very dangerously life-threatening levels, which result in thrombosis and/or heart attack and/or cause renal failure, among the failure of his other organs.
>
> * * *
>
> 7. [T]he Plaintiff due to his highly pressing ill-health condition had already been admitted to a hospital since Saturday, February 20, 2010, under the professional demand of medical experts in their field, as the Plaintiff has been suffering from debilitating back pain and an excruciating knee injury, both of which are in urgent need of surgical operations. Such surgeries will require prolonged rehabilitation, including physical therapy and pain management. At the moment the plaintiff is suffering from such excruciating pain that he has to be treated with increasing dosages of morphine, and thereby he is not permitted medically to leave the hospital until the said injuries are subject to surgical operations.
>
> 8. [A]ccording to Dr. Glenn J. Minster, who is an outstanding orthopedic

      surgeon and who will perform back surgery on the Plaintiff, the surgical operation, itself, will take anywhere from 5 to 8 hours and the recuperation with necessary therapeutic treatments and the like will take seven to eight months, barring any unexpected complications in the course of surgery or thereafter.

9. Plaintiff's said acute back injuries have been caused as the result of severe aggravation of his prior back injury. However, his acute knee injury with chronic pain has been the direct result of [misconduct by defendants].

10. [S]urgical operation . . . will take place in the first week in March after all the conditions . . . particularly his high blood pressure level, have been stabilized . . . * * *

11. That the Plaintiff also has sustained an injury to his left knee causing him suffering due to the brutal treatment . . . that will require an urgent surgical operation, as well.

12. [A]s a consequence of all the injuries . . . , he has been compelled to live a sedentary life and thereby he might also need a hemorrhoid operation.

13. That the Plaintiff has developed blurred vision in his left eye that could be a consequence related to said injuries.

14. [W]ithout these operations the Plaintiff will not be able to function in any capacity whatsoever, particularly he definitely would be unable to perfect and prosecute his meritorious claims against all the Defendants . . . .

* * *

16. That the plaintiff will be able to provide a proper statement from his treating physicians and surgeons regarding the above-referenced surgical operations . . . and should it be necessary, he will be able to obtain proper information relative to the said surgical operations at a later date.

Doc 224 at 2-4. Defendant Capital Area Transportation Authority has filed a response to the motion for medical stay (Doc 241), as have the City of Lansing (Doc 239) and the Sparrow Health System Defendants (Doc 240). Aslani has not filed a reply brief in support of his motion for a medical stay, and the time for him to do so has expired. A sense of fairness and compassion towards all litigants impels the court to afford Aslani a full opportunity to substantiate his allegations with medical expert opinion evidence.

**ORDER**

No later than **Monday, May 10, 2010**, plaintiff **MAY FILE**, in support of his request for a stay of this case due to medical issues, signed and dated letters or affidavits from two physicians who are licensed to practice medicine in the State of Michigan or other State in the USA, at least one of whom has treated or examined the plaintiff in connection with said issues.

The letters and/or affidavits **SHALL** explain specifically the conditions with which Aslani has been diagnosed, as well as any surgical procedures or treatments which are scheduled or need to be scheduled, and the time needed to recover from the procedure or treatment and recovery therefrom.

If plaintiff files such items, defendants **MAY FILE** a response within ten (10) calendar days of receiving such plaintiff's filing.

This is not a final, immediately appealable order. *Griffin v. Reznick*, 2008 WL 5110528, *10 (W.D. Mich. 2008) (citing, *inter alia*, *Tanner Co. v. US*, 575 F.2d 101, 102 (6th Cir. 1978)).

**IT IS SO ORDERED this  9th  day of April 2010.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge