UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                      |
DAVID ASLANI,                         |   Case No. 1:08-cv-298
                                      |
    Plaintiff,                        |   Chief Judge Paul L. Maloney
                                      |
    v.                                |   Magistrate Judge Ellen Carmody
                                      |
SPARROW HEALTH SYSTEMS *et al.*,[1]   |
                                      |
    Defendants.                       |
                                      |
_____|

# ORDER
*" Aslani 9 "*

**Directing Plaintiff to Reimburse Defendant Becker's Attorney Fees/Costs
Incurred Due to Plaintiff's Failure to Cooperate and Appear at His Own Deposition;**

**Denying Various Motions as Moot Due to Prior Dismissal of Complaint as to All Served Defendants;**

**Referring to the Magistrate the Plaintiff's Motion Regarding Attempts to Serve Lewis and Cagle**

The court relies on the statement of facts, procedural history, and legal standards set forth in *Aslani 7*, 2010 WL _____, slip op. (W.D. Mich. June 28, 2010) (Maloney, C.J.) (not yet on WestLaw and Lexis), which dismissed the complaint as to all served defendants as a sanction for prolonged bad-faith conduct and repeated willful noncompliance with discovery rules and court orders. That opinion also ordered all the served defendants to file bills itemizing the reasonable attorneys fees and

---

[1] The complaint survives, for the time being, only as to two persons who are named as defendants in the amended complaint but have not been served: "ED LEWIS, individually and as bus driver of Greyhound Bus Lines" and "DR. JAMES CAGLE, individually and as physician of Sparrow Health System."

costs which they incurred as a result of Aslani's refusal to attend his own properly-scheduled deposition and to cooperate in its rescheduling. *See Aslani 7*, 2010 WL _____, slip op.

In *Aslani 8*, 2010 WL _____, slip op. (W.D. Mich. July 2, 2010) (Maloney, C.J.) (not yet on WestLaw and Lexis), this court ordered, inter alia, that the plaintiff reimburse various defendants for the reasonable attorney fees and costs which they incurred as a result of his refusal to attend or cooperate in rescheduling his properly-noticed deposition. That opinion inadvertently overlooked the bill of costs submitted by defendant Joseph Becker. The court finds that as counsel for Becker, it was reasonable for attorney Wayne A. Geik, Esq., to bill 3.9 hours to prepare, travel to, attend, and return from the deposition, *see* Doc 276. An hourly rate of $175 is reasonable given Geik's thirty-two years of experience, and the travel cost of $12 was reasonable as well, *see id*.

**ORDER**

Pursuant to FED. R. CIV. P. 37 and this court's inherent authority, **plaintiff SHALL PAY the following amount to defendant Becker no later than Friday, October 28, 2010, by check or money order,** in reimbursement of reasonable attorneys fees and costs which Becker incurred for its counsel to prepare for and attend plaintiff's scheduled deposition:

$694.50 (six hundred ninety-four dollars and fifty cents)

If plaintiff does not pay said amount by said deadline, defendant Becker will be entitled to interest calculated in accordance with the federal post-judgment interest statute.

The following motions are **DENIED as moot** due to the already-complete dismissal of the complaint as to all served defendants:

– Document #177, plaintiff's "motion for reconsideration relative to the clerk's error in failing to enter default against defendant Joseph Michael Becker"

– Document #253, defendant Greyhound Bus Lines, Inc.'s motion to dismiss for plaintiff's failure to cooperate in discovery

– Document #279, defendant Matthew Fowler's first motion to dismiss

– Document #283, plaintiff's motion for an extension of time in which to respond to the court's May 28, 2010 order.

The following motion is **REFERRED** to the United States Magistrate Judge for a Report & Recommendation pursuant to 28 U.S.C. § 636(b)(1):

Document #291, plaintiff's brief in response to the court's June 21, 2010 order / plaintiff's motion for an extension of time in which to serve Ed Lewis and Dr. James Cagle and for leave to effect such service by alternate means.[2]

This is not a final and immediately appealable order.

**IT IS SO ORDERED this 2nd day of August, 2010.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[2] Prior orders mistakenly stated or implied that Aslani never served defendants Fowler and Becker. The court confirms that Aslani did serve Fowler and Becker. The complaint has been dismissed as to those defendants (and all other served defendants), however, as a sanction, *see Aslani 8*, 2010 WL _____, slip op. (W.D. Mich. July 2, 2010) (Maloney, C.J.). Accordingly, briefs and proceedings before the Magistrate Judge pursuant to the above referral shall relate only to Lewis and Cagle.