UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DAVID ASLANI,

    Plaintiff,

v.

DR. JAMES CAGLE, individually and as physician
of Sparrow Health System, and

ED LEWIS, individually and as bus driver
of Greyhound Lines, Inc.,

    Defendants.

Case No. 1:08-CV-298

HONORABLE PAUL L. MALONEY

---

# **OPINION and ORDER**
"*Aslani 9*"

**Denying as Moot the Plaintiff's Original Motion for Order of Recusal and other Relief (#304)**
**Denying the Plaintiff's Amended Motion for Recusal and other Relief (#306)**

**Denying Plaintiff's "Motion to Right Egregious Wrongs Against Him in Underlying Case" (# 299)**

**Dismissing the Complaint as to Defendant Dr. Steven Owens;**
**Denying without prejudice as Moot Owens's Motion to Dismiss or for Summ. Judgment (#294)**

**Directing Plaintiff and Defendant Cagle to File Statement regarding Date of Service**

    The following seven defendants were terminated by *Aslani v. Sparrow Health Sys.*, No. 1:08-cv-298 Doc. 75, 2010 WL -- (W.D. Mich. Mar. 12, 2009) (Maloney, C.J.) ("*Aslani 6*"):

    Lansing Police Department ("LPD")
    Paul Beasinger, individually and as police officer of the City of Lansing
    Kevin Schlagel, individually and as police officer of the City of Lansing

>     Shannon Thielen, individually and as police officer of the City of Lansing
>     Nathaniel Osborn, individually and as police officer of the City of Lansing
>     Theresa Szymanski, individually and as captain of the south precinct of the [LPD]
>     Mark Alley, individually and as chief of the LPD

The following twelve additional defendants were terminated by *Aslani v. Sparrow Health Sys. et al.*, No. 1:08-cv-298 Doc. 290, 2010 WL ------ (W.D. Mich. July 16, 2010) ("*Aslani 8* "), which dismissed the complaint as to all served defendants as a sanction for Aslani's litigation conduct:

>     City of Lansing
>
>     ***Greyhound Lines, Inc.***
>
>     Capital Area Transportation Authority ("CATA")
>     Matthew Fowler, "individually and as security officer for the CATA"
>     Joseph Michael Becker, "individually and as security officer for the CATA"
>
>     Sparrow Health System
>     Ken Hamkand, "individually and as security officer of Sparrow Health System"
>     Dennis Swan, "individually and as administrator-in-charge of Sparrow Health System"
>     Steven Owens, "individually and as physician of Sparrow Health System"
>     Richard Liebelt, "individually and as registered nurse of Sparrow Health System"
>     Rachel Latunski, "individually and as registered nurse of Sparrow Health System"
>     Karl Engler, "individually and as registered nurse of Sparrow Health System"

<u>Defendant Dr. Steven Owens.</u>  Plaintiff Aslani has filed a receipt from the Ingham County Sheriff's Office - Civil Division stating that Owens's attorney accepted service of process on Owens's behalf on July 15, 2010. *See* Doc 291, Ex A at 6 (Invoice #20102609 dated July 19, 2010). Owens has not contested the July 15, 2010 date of service, nor has he contended that service on that date was ineffective (on the contrary, Owens filed a motion to dismiss on July 30, 2010). Accepting the uncontested factual allegation of the Ingham County Sheriff's Office, the court finds that when this court issued its order dismissing the complaint as to all served defendants on July 16, 2010 (Doc 290), Owens had already been served the day before.  Accordingly, the July 16, 2010 (Doc. 290)

order effected dismissal of the complaint as to Owens.

Defendant Dr. James Cagle. That leaves two people who *may* be parties defendant. First is alleged Sparrow Health System physician James Cagle, who apparently has been served (he filed an answer, Doc 298, on August 2, 2010). The court will require plaintiff and Cagle to separately file notices stating the date when Cagle was properly served with the summons and complaint. If Cagle was served prior to the issuance of this court's July 16, 2010 Opinion and Order (Doc 290), then said order effected the dismissal of the complaint as to him. If Cagle was served *after* the issuance of this court's July 16, 2010 Opinion and Order (Doc 290), then Cagle will be a party defendant in this case.

Defendant Ed Lewis. The second person left who *may* be or become a party defendant is alleged Greyhound bus driver Ed Lewis. Whether Lewis has been served, and if not, whether Aslani should be afforded more time to serve Lewis, are questions being determined by the Magistrate Judge (pursuant to this court's August 3, 2010 non-documentary referral of Document #291).

Plaintiff's Amended Motion for Recusal / Brief in Response to Owens' MTD / Application for Default against Owens / Request for Sanctions Against Owens and Owens's Counsel. Plaintiff Aslani's seventeen-page motion adverts to many issues which either are not properly placed in controversy by the surviving claims in this action, or which have already been considered and adjudicated by this court or by the Magistrate Judge. Pages 1-2 of the motion recount Aslani's ill health, the allegedly racially discriminatory behavior of a particular state-court judge, the allegedly

excessive and malicious use of force by the Lansing Police against him, and the allegedly ignorant, hateful and invidiously discriminatory attitudes of Americans against Arabs, Persians and/or Muslims. Aslani speculates that both the undersigned and the Magistrate Judge harbor such ill will against him personally that they "would be glad that the Plaintiff somehow died of stroke, heart attack, or other health problems and injuries that were either sustained [o]n April 1, 2005, or were aggravated because of prior injuries sustained in his November 25, 2003, motor vehicle accident." Doc 306 at 2 n.1.

Aslani next addresses the motion to dismiss recently filed by defendant Owens, contending that Owens is not entitled to file such a motion but rather must be subjected to the entry of default and default judgment, *see* Doc 306 at 3-8. As noted above, because this court's July 16, 2010 order dismissed the complaint as to all served defendants and Owens was served before that order issued, he is no longer a party defendant and his motion to dismiss is moot. Aslani next argues that Owens was sufficiently identified in his original complaint, not merely his amended complaint, and that Owens was timely served, *see* Doc 306 at 8-14. Penultimately, Aslani contends that his claims or false arrest, false imprisonment, and excessive force are not subject to the state-law two-year limitations period but a three-year limitations period governing 42 U.S.C. § 1983 claims, *see* Doc 306 at 15, and that Owens in fact was involved in treating Aslani in connection with the instant incident, *see id.* at 15-16. Finally, Aslani seeks sanctions against Owens and his counsel for "resorting to deception and for causing unnecessary and injurious hardship for the Plaintiff . . . ," *see* Doc 306 at 16.

In short, Aslani identifies no legitimate basis for sanctions against Owens or his counsel, and his sanction motion is not properly before the court in any event. Nor does Aslani identify any

arguable basis for recusal of the undersigned or the Magistrate Judge, other than his inference, from these judges' rulings adverse to his legal positions, that they must personally hate him and other individuals who share his race, national origin or religious faith.

Defendant's "Motion to Right the Egregious Wrongs Perpetrated Against Him in His Underlying Case" (Doc 299). First, Aslani asks this court to "make a report relative to all of the Defendants, who have committed hate crimes and have attempted to murder the Plaintiff, to the proper authorities for investigation." Doc 299 at 16, Relief Requested ¶ A. Second, Aslani also asks the court to "refer the fraudulent conducts [sic] of the Court reporter, [name], and various prosecutors for committing deception, dishonesty, unlawful conducts and/or crimes to the proper authorities for investigation." *Id.* ¶ B. He identifies no authority for this court to undertake such an extraordinary measure, and this court finds no constitutional, statutory, or other authority for this court to act so clearly beyond the judicial role in such a manner. Nor is there any authority for such federal-court intrusion into the workings and personnel of a State's court system.

Third, Aslani asks the court "correct the Plaintiff's records in the case at bar with integrity and honesty, demonstrating that the Plaintiff has been, *inter alia*, a wretched and innocent victim of odious American prejudice, racism, corruption, perjury, fraud larceny, harassment, attempted larceny, harassment, attempted thievery, hate crimes and attempted murder." Doc 299 at 2-3 (alleging that state prosecutor and state judge Alderson unlawfully added false charges against him); *id.* at 3-4 (alleging that prosecution unlawfully, deliberately refused to honor his requests for photographs, audio recordings, and video recordings); *id.* at 4-5 and 9-11 (alleging that state judge Nettles-Nickerson acted unlawfully and with illegal racial animus against him, and recounting the

disciplinary measures taken against said judge); *id.* at 5-7 (alleging that court reporter tampered with September 18, 2006 transcript and deliberately provided him with an inaccurate transcript); *id.* at 6-7 (alleging that Aslani was unduly, unlawfully pressured to plead *nolo contendere* to trespass charge in state court); *id.* at 7-9 (alleging that state judge Brown insulted, abused, and mistreated Aslani due to racial and other animus, including "ha[ving] him detained" merely because he filed a motion to compel and chose to exercise his right to speak in court, and that court security officers handled him with unnecessary roughness); *id.* at 16, Relief Requested ¶ C. To the extent that this request refers to the conduct of state-court employees, it again seeks this court's impermissible interference with the state courts. To the extent that this request refers to the merits of the Aslani's claims, it is not properly before the court: as noted above, there are only two potential defendants remaining in this case, and it is not yet clear whether Dr. James Cagle and Ed Lewis have ever been properly served (and in the case of Cagle, it is not yet clear whether he was served before the July 16, 2010 order and was therefore dismissed by that order). This court cannot consider Aslani's claims or theories in the abstract, but only in the context of actual claims against an actual party defendant who has been validly brought into the case and not dismissed from the case.

Fourth, Aslani's motion appeals the Magistrate Judge's "racist and malicious and wrongful and insulting ruling that the unprofessional attorney for the defendant [CATA] . . . had a right to rely on the fraudulent transcript of the September 18, 2006 hearing, hearing as 'evidence that the Plaintiff pleaded no contest to the crime of trespass as a result of the incident giving rise to the present action' . . . ." Doc 299 at 16, Relief Requested ¶ D (citing Doc 238 at 2). The court rejects this appeal for two reasons: (1) Aslani fails to show any error, let alone clear error, in the Magistrate's finding that the proffered transcript of the September 18, 2006 state-court hearing was a legitimate, accurate

record of the proceedings; and (2) Aslani fails to identify any defect in the Magistrate's legal determination that said transcript constituted admissible, competent evidence that Aslani pled *nolo contendere* to a trespass charge in connection with the Lansing incident.

Fifth, Aslani's motion alleges that Sparrow Health System has fabricated bills for non-existent medical services it says were rendered to Aslani, in order to harass and steal from him, *see* Doc 299 at 11-13. Such an allegation is not properly before this court, most simply because the complaint was dismissed as to Sparrow on July 16, 2010.

Sixth, Aslani's motion alleges that the United States government, persuaded by the British government, engineered the overthrow of Iran's democratically elected government in 1953 and then trained, supplied, and funded a secret-police group called "SAVAK" to keep the Shah in power, *see* Doc 299 at 13-14. Such allegations are in no way legally material to the claims asserted in the amended complaint, let alone the few claims which may remain in this case at this juncture (i.e., certain claims against Dr. James Cagle and against Ed Lewis).

## **ORDER**

Plaintiff's "Motion to Right the Egregious Wrongs Against Him in His Underlying Case" [document #299] is **DENIED**.

Plaintiff's Motion for Order / Recusal [doc #304] is **DENIED without prejudice as moot**.

Plaintiff's Amended Motion for Order / Recusal [document #306] **is DENIED**.

Retroactive to July 16, 2010, the complaint is **DISMISSED as to Dr. Steven Owens**.

Dr. Steven Owens's motion to dismiss or for summary judgment **[doc 295] is DENIED without prejudice as moot**.

No later than Friday, September 24, 2010, plaintiff Aslani and defendant Cagle **SHALL SEPARATELY FILE** notices stating the date and time at which Cagle was served with the summons and complaint in this action, and providing documentary proof thereof.

This is not a final and immediately-appealable order.

**IT IS SO ORDERED** on this  7th  day of September,  2010.

    /s/ Paul L. Maloney
    Honorable Paul L. Maloney
    Chief United States District Judge