UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID ASLANI,

       Plaintiff,                         Hon. Paul L. Maloney

v.                                             Case No. 1:08-CV-298

SPARROW HEALTH SYSTEM, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Extension of Time to Serve Defendant Lewis. (Dkt. #291). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied** and Plaintiff's claims against Defendant Lewis be **dismissed without prejudice for failure to timely effect service**.


## BACKGROUND

Plaintiff initiated this action on March 31, 2008, against numerous defendants, including Ed Lewis. Plaintiff's claims have since been dismissed as to all Defendants except Defendant Lewis, against whom service has yet to be effected. On June 21, 2010, the Honorable Paul L. Maloney instructed Plaintiff that he "may file" either proof that he properly effected service on Defendant Lewis or, in the alternative, a "statement of any reasons - *not* including his medical/health issues - which he contends excuses his failure to effect such service." (Dkt. #282). On July 23, 2010, Plaintiff filed the present motion in which he requests an extension of time to effect service on Defendant Lewis, as well

as authorization to effect service on Defendant Lewis by alternative means. (Dkt. #291). Judge Maloney referred Plaintiff's motion to the undersigned "for a Report & Recommendation." (Dkt. #297).

**ANALYSIS**

**I.      Plaintiff's Attempt to Serve Defendant Lewis via his Employer**

Plaintiff first asserts that he has, in fact, properly effected service on Defendant Lewis. Specifically, Plaintiff asserts that he attempted to effect service on Defendant Lewis by delivering a copy of the summons and complaint on "Defendant Greyhound," the entity for whom Defendant Lewis was believed to be employed. According to Plaintiff, "the agent of the Defendant Greyhound refused to accept the service on behalf of the Defendant Lewis." Plaintiff asserts that pursuant to Federal Rule of Civil Procedure 4(e)(2)(C), his attempt to serve Defendant Lewis by delivering a copy of the summons and complaint to Defendant Greyhound constituted proper and sufficient service of process. Rule 4 provides, in relevant part, as follows:

> Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed[1] - may be served in a judicial district of the United States by:
>
> (1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)    doing any of the following:
>
>        (A)    delivering a copy of the summons and of the complaint to the individual personally;

---

[1] The Court is aware of no federal law that "provides otherwise" in this instance. Moreover, there is no indication that Defendant Lewis is a minor or incompetent or has filed a waiver of service.

-2-

>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

> Under Michigan law process may be served on a resident or nonresident individual by:
>
>> (1) delivering a summons and copy of the complaint to the defendant personally; or
>
>> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.

Michigan Court Rule 2.105(A).

> Michigan law further provides that service may be made on a nonresident individual by:
>
>> (a) serving a summons and a copy of the complaint in Michigan on an agent, employee, representative, sales representative, or servant of the defendant, and
>
>> (b) sending a summons and a copy of the complaint by registered mail addressed to the defendant at his or her last known address.

Michigan Court Rule 2.105(B).

Despite Plaintiff's repeated protestations that he has complied with the above provisions, Plaintiff has presented absolutely no evidence that Defendant Greyhound is "an agent authorized by appointment or by law to receive service of process" on Lewis' behalf. *See* Fed. R. Civ. P. 4(e)(2)(C). There is likewise no evidence that Defendant Greyhound is "an agent, employee, representative, sales representative, or servant of the defendant." *See* Fed. R. Civ. P. 4(e)(1); Michigan Court Rule 2.105(B).

In sum, Plaintiff has failed to demonstrate that he has properly effected service on Defendant Lewis pursuant to Federal Rule of Civil Procedure 4(e).

**II.                Counsel for Greyhound has not Appeared on Behalf of Defendant Lewis**

Plaintiff next asserts that he is not required to properly effect service on Defendant Lewis because counsel for Defendant Greyhound has "already conducted themselves as the representatives of the Defendant Lewis." In support of this argument, Plaintiff relies on "Defendant Greyhound's Answer to Plaintiff's Complaint." (Dkt. #16). Specifically, Plaintiff argues that by denying the allegations in the complaint regarding Defendant Lewis, counsel for Defendant Greyhound has acted as Defendant Lewis' representative in this matter.

As Plaintiff appears to suggest, if Defendant Lewis or an attorney acting on his behalf, appears before the Court and acts in Lewis' behalf (except in a limited capacity to challenge service of process), such would relieve Plaintiff of the obligation to properly effect service on Defendant Lewis. *See, e.g., Cunningham v. Eyman*, 17 Fed. Appx. 449, 454 (7th Cir., Aug. 17, 2001); *Banyan v. Eastwood*, 2006 WL 1304797 at *2 n.4 (N.D.N.Y., Mar. 31, 2006). However, the record contains no evidence that counsel for Greyhound (or anybody else including Defendant Lewis) has appeared on Lewis' behalf in this matter. The mere fact that counsel for Defendant Greyhound submitted an answer to Plaintiff's complaint in which Greyhound denied Plaintiff's allegations concerning Defendant Lewis does not suggest that counsel for Greyhound was in any way representing or acting on behalf of Defendant Lewis. The answer specifically states it is being submitted on behalf of Greyhound Lines, Inc.

**III.     Defendant Lewis has not Defaulted**

Plaintiff also asserts that he is entitled to entry of default against Defendant Lewis. However, entry of default against a party against whom service has not been effected is not appropriate. *See* Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2682 ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process").

**IV.     Alternative Methods of Service**

Finally, Plaintiff requests that he be permitted to effect service on Defendant Lewis by alternative means. With respect to this issue, Michigan Court Rule 2.105(I) provides as follows:

> (1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.
>
> (2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.
>
> (3) Service of process may not be made under this subrule before entry of the court's order permitting it.

Michigan Court Rule 2.105(I).

As subsection (1) quoted immediately above makes clear, any alternative means of service must be "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Plaintiff seeks to effect service on Defendant Lewis by "publication or posting." However, Plaintiff has indicated neither the location(s) nor the means by which he purports to accomplish the requested publication and/or posting. In the absence of a more specific description of the precise manner of "publication or posting" Plaintiff seeks to employ, the Court simply cannot determine whether such would be "reasonably calculated" to give Defendant Lewis "actual notice of the proceedings and an opportunity to be heard." While the Court recognizes Plaintiff's apparent difficulty in effecting service on Defendant Lewis, Plaintiff's vague and imprecise request does not satisfy the relevant court rule.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Extension of Time to Serve Defendant Lewis, (dkt. #291), be **denied** and Plaintiff's claims against Defendant Lewis be **dismissed without prejudice for failure to timely effect service**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 14, 2010       /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge