UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|
|
DAVID ASLANI,                                    |         Case No. 1:08-CV-298
|
    Plaintiff,                                   |
|
    v.                                           |         HONORABLE PAUL L. MALONEY
|
ED LEWIS, individually and as bus driver         |
of Greyhound Lines, Inc.,                         |
|
    Defendant.                                   |
|

## ORDER
### *" Aslani 13 "*

**Overruling the Plaintiff's Objections and Adopting the R&R:**
Dismissing the Complaint as to the Sole Remaining Defendant, Ed Lewis;
Denying the Plaintiff's Request for Recusal of the Undersigned;
Denying the Plaintiff's Request for Recusal of the Magistrate Judge;
Denying All Other Relief Requested by the Plaintiff

**Terminating and Closing the Case**


Dismissal of Twenty Defendants in Prior Decisions.

The following seven defendants were terminated by *Aslani v. Sparrow Health Sys.*, No. 1:08-

cv-298 Doc. 75, 2009 WL 736654 (W.D. Mich. Mar. 12, 2009) (Maloney, C.J.) ("*Aslani 6* "):

Lansing Police Department ("LPD")
Paul Beasinger, individually and as police officer of the City of Lansing
Kevin Schlagel, individually and as police officer of the City of Lansing
Shannon Thielen, individually and as police officer of the City of Lansing
Nathaniel Osborn, individually and as police officer of the City of Lansing
Theresa Szymanski, individually and as captain of the south precinct of the [LPD]

Mark Alley, individually and as chief of the LPD

The following twelve additional defendants were terminated by *Aslani v. Sparrow Health Sys. et al.*, No. 1:08-cv-298 Doc. 290, 2010 WL 4135036 (W.D. Mich. July 16, 2010) ("*Aslani 8* "), which dismissed the complaint as to all served defendants as a sanction for Aslani's litigation conduct:

City of Lansing

Greyhound Lines, Inc.

Capital Area Transportation Authority ("CATA")
Matthew Fowler, "individually and as security officer for the CATA"
Joseph Michael Becker, "individually and as security officer for the CATA"

Sparrow Health System
Ken Hamkand, "individually and as security officer of Sparrow Health System"
Dennis Swan, "individually and as administrator-in-charge of Sparrow Health System"
Steven Owens, "individually and as physician of Sparrow Health System"
Richard Liebelt, "individually and as registered nurse of Sparrow Health System"
Rachel Latunski, "individually and as registered nurse of Sparrow Health System"
Karl Engler, "individually and as registered nurse of Sparrow Health System"

The twentieth defendant, Dr. Steven Owens, was dismissed several weeks ago. First, Aslani filed a receipt from the Ingham County Sheriff's Office - Civil Division stating that Owens's attorney accepted service of process on Owens's behalf on July 15, 2010. Owens did not contest the July 15, 2010 date of service, nor did he contend that service on that date was ineffective (on the contrary, Owens filed a motion to dismiss on July 30, 2010). Accepting the uncontested factual allegation of Owens and the Ingham County Sheriff, this court found that when this court issued its order dismissing the complaint as to all served defendants on July 16, 2010 (Doc 290), Owens had already been served the day before. Accordingly, this court held that the July 16, 2010 (Doc. 290) order effected dismissal of the complaint as to Owens. *See Aslani v. Cagle et al.*, No. 1:2008-cv-298 Doc. 308, 2010 WL 3505929, *1 (W.D. Mich. Sept. 7, 2010) (Maloney, C.J.) ("*Aslani 9*").

**The twenty-first defendant, Dr. James Cagle, was dismissed by** *Aslani v. Cagle et al.*, No. 1:2008-cv-298 Doc. 313, 2010 WL _____ (W.D. Mich. Oct. 14, 2010) (Maloney, C.J.) (*"Aslani 12"*), leaving alleged Greyhound Bus Lines driver Ed Lewis as the only person who might be or might become a party defendant. In June 2010, this court ordered plaintiff to file either proof that he has properly effected service on Lewis or a "statement of any reasons – *not* including his medical/health issues", which the court had addressed at length in a prior opinion, "which he contends excuses his failure to effect such service. *See* Doc 282. In July 2010, the plaintiff filed a motion requesting an extension of time to serve Lewis and authorization to use alternate means of service, *see* Doc 291. This court referred the matter to the Honorable Ellen S. Carmody, United States Magistrate Judge, *see* Doc 297, who issued a Report and Recommendation ("R&R") on Thursday, October 14, 2010 recommending that the complaint be dismissed as to Lewis for lack of service, and the R&R was sent to Aslani by regular first-class U.S. Post Office mail on Friday, October 15, 2010. On Thursday, October 28, 2010, Aslani timely filed objections (Doc 316). (Because Lewis is the sole named defendant left in the case and has not been properly served, there is no party from whom the court could receive a response to those objections.)

The Magistrate Judge reasoned as follows, in pertinent part:

* * * Plaintiff asserts that he attempted to effect service on Defendant Lewis by delivering a copy of the summons and complaint on "Defendant Greyhound," the entity for whom Defendant Lewis was believed to be employed. According to Plaintiff, "the agent of the Defendant Greyhound refused to accept the service on behalf of the Defendant Lewis." Plaintiff asserts that pursuant to Federal Rule of Civil Procedure 4(e)(2)(C), his attempt to serve Defendant Lewis by delivering a copy of the summons and complaint to Defendant Greyhound constituted proper and sufficient service of process. Rule 4 provides, in relevant part, as follows:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver [of service] has been filed – may be served in a judicial district of the United

States by:

(1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2)    doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). Under Michigan law process may be served on a resident or nonresident individual by:

(1)    delivering a summons and copy of the complaint to the defendant personally; or

(2)    sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.

Michigan Court Rule 2.105(A). Michigan law further provides that service may be made on a nonresident individual by:

(a)    serving a summons and a copy of the complaint in Michigan on an agent, employee, representative, sales representative, or servant of the defendant, and

(b)    sending a summons and a copy of the complaint by registered mail addressed to the defendant at his or her last known address.

Michigan Court Rule 2.105(B). Despite Plaintiff's repeated protestations that he has complied with the above provisions, Plaintiff has presented absolutely no evidence that Defendant Greyhound is "an agent authorized by appointment or by law to receive service of process" on Lewis'[s] behalf." *See* FED. R. CIV. P. 4(e)(2)(C). There is likewise no evidence that Defendant Greyhound is "an agent, employee,

representative, sales representative, or servant of the defendant." *See* FED. R. CIV.
P. 4(e)(1); Michigan Court Rule 2.105(B). In sum, Plaintiff has failed to demonstrate
that he has properly effected service on Defendant Lewis pursuant to Federal Rule
of Civil Procedure 4(e).

R&R (Doc 315) at 2-4 (some paragraph breaks omitted, footnote 1 omitted). Aslani's objections

do nothing to undermine the Magistrate Judge's reasoning, either by identifying a deficiency in her

statement of the applicable law or by presenting competent evidence that he effected service by

means permitted by FED. R. CIV. P. 4(e) and, in turn, MICH. CT. R. 2.105. Instead, Aslani addresses

numerous matters which are legally immaterial to the question of valid service of the complaint and

summons on Ed Lewis, such as service upon previously dismissed defendant Dr. James Cagle,

service upon previously dismissed defendant Dr. Steven Owens, service on named defendant

Matthew Donald Fowler, and his "entitlement" to an alternate means of serving Fowler, *see* P's

Objections at 4 with n.2.

When Aslani does address the matter of service upon Ed Lewis, he relies on legal

propositions which are not the law in our circuit, such as his apparent objection to the Magistrate

Judge's earlier correct statement that the Federal Rules of Civil Procedure do not entitle him to be

informed of Ed Lewis's *home* address and telephone number. *See* P's Objections at 5-6. Aslani also

seeks to rely on Greyhound's counsel's alleged February 2, 2009 statement to him that he was

invoking the attorney-client privilege in refusing to provide information about Ed Lewis, *see id.* at

5, and on that counsel's written Rule 26 disclosure, which contained a notation stating that "Mr.

Lewis' deposition may be requested through the office of counsel for Greyhound Lines, Inc.", *id.*

at 7 (citing Doc 267 and P's Objections Ex E). Even if Greyhound's counsel did make those

statements to Aslani, that does not somehow transform Greyhound or any of its employees into

agents who are authorized or appointed to receive service of process on Ed Lewis's behalf within

the meaning of FED. R. CIV. P. 4(e)(2)(C) or MICH. CT. R. 2.105(B)(a).  Moreover, Aslani does nothing to undermine the Magistrate's finding that Greyhound's counsel did not, in fact, appear on Lewis's behalf, whether by filing an answer which denied certain allegations regarding Lewis or otherwise.  *See* R&R at 4.

Next, the Magistrate Judge rejected Aslani's assertion that he is entitled to entry of default against Ed Lewis, *see* R&R at 5, and Aslani apparently has not lodged any specific objection on this score.  Finally on the issue of service on Ed Lewis, Aslani objects to the Magistrate Judge's determination that he failed to show his entitlement to alternative methods of service pursuant to MICH. CT. R. 2.105(I), namely "publication or posting", because he did not identify "the location(s) nor the means by which he purports to accomplish the requested publication and/or posting."  R&R at 6.  This objection lacks merit, as even now Aslani merely states his intent to "give notice by publication or posting in Detroit or Lansing or Roseville, Michigan or in Shelbyville, Michigan."  P's Objections at 8.  As the Magistrate explained,

> In the absence of a more specific description of the precise manner of "publication or posting" Plaintiff seeks to employ, the Court simply cannot determine whether such would be "reasonably calculated" to give Defendant Lewis "actual notice of the proceedings and an opportunity to be heard."  * * *  Plaintiff's vague and imprecise request does not satisfy the relevant court rule.

R&R at 6.


**Finally, Aslani's request that the undersigned and the Magistrate Judge recuse themselves is denied as unsupported.**  For one thing, if Aslani wished the Magistrate or the undersigned to recuse herself, he was required to do so by separate motion and in accordance with the substantive requirements for such motions.  Moreover, "[m]ere adverse rulings do not constitute

the sort of pervasive bias that necessitates recusal." *Bethel v. Town of Loxley*, 2006 WL 3361402, *2 (S.D. Ala. Nov. 20, 2006)) (citing *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994)), *recon. denied*, 2006 WL 3449140 (S.D. Ala. Nov. 29, 2006); *see also US v. Lawson*, 2009 WL 1702073, *1 (E.D. Ky. June 17, 2009) (Danny Reeves, J.) (listing "factors that are frequently alleged as a basis for, but which do not warrant, recusal under 28 U.S.C. § 455(a)", including adverse rulings) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)); *Vintilla v. Safeco Ins. Co.*, 2005 WL 1657056, *1 (N.D. Ohio July 14, 2005) (Boyko, J.) ("The mere fact that a judge has made an adverse ruling to a particular party during the course of the present judicial proceedings does not establish bias or prejudice on the part of a judge.") (citing, *inter alia*, *Berger v. US*, 255 U.S. 22, 31 (1921) (citing *Ex Parte American Steel Barrel Co.*, 230 U.S. 35 (1913))).[1]  This rule applies even where some of the adverse rulings make unfavorable findings about the recusal movant's truthfulness or motivations.  *See In re Triple S Restaurants, Inc.*, 306 B.R. 191 (W.D. Ky. 2004) (Heyburn, C.J.), *order aff'd*, 131 F. App'x 486 (6th Cir.), *and aff'd*, 422 F.3d 405 (6th Cir. 2005), *reh'g & reh'g en banc denied* (6th Cir. Feb. 1, 2006).

   Aslani's "evidence" of judicial bias consists only of adverse rulings against his legal positions; speculation about the racial, ethnic, and/or religious prejudices of these two judges and other Americans; and the supposition that the Magistrate and the undersigned have conspired to "cover up" the wrongs which the defendants allegedly perpetrated against Aslani and which the American and British governments and corporations have allegedly perpetrated against the Iranian

---

[1]

   *Accord Hoffenberg v. US*, 333 F. Supp.2d 166, 178 (S.D.N.Y. 2004) ("[A]dverse judicial rulings, whether over the course of the same proceeding or in other litigation involving the party seeking recusal, do not constitute a basis for recusal.") (citing *Liteky v. US*, 510 U.S. 540, 555 (1994)).

people or nation.  *See* P's Objections at 1-4 with n.1.

Thus, Aslani demonstrates the wisdom of the maxim that "'a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.'" *US v. Washam*, 2007 WL 1166038, *2 (W.D. Ky. Apr. 17, 2007) (McKinley, J.) (quoting *Nichols*, 71 F.3d at 351) (other citation omitted).


### ORDER

Plaintiff's motion for extension of time to serve defendant Lewis **[doc #291] is DENIED**.

Plaintiff's request for recusal of the undersigned is **DENIED**.

Plaintiff's request for recusal of the Magistrate Judge is **DENIED**.


The complaint is **DISMISSED without prejudice as to Ed Lewis** for lack of service.


The separate judgment required by FED. R. CIV. P. 58 shall issue contemporaneously.

This is a final and immediately-appealable order, because there are no defendants remaining.

**IT IS SO ORDERED** on this  3rd day of November 2010.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge